# EXHIBIT A



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

*Chester Clark Tischer, II* ) Case No.: *2012CV223389*
*and Jenny Lea Tischer,* )
*Individuals* **Plaintiff,** )
**vs.** )
*Bank of America Corporation* )
*f/b/a Bank of America N.A. and* )
*Bank of New York Mellon* )
**Defendant** )

TO THE ABOVE NAMED DEFENDANT(S): *Bank of America Corporation,*
*c/o Registered Agent CT Corporation System*

Your are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is: *Smith and Collins, LLC*
*8565 Dunwoody Place Suite B*
*Atlanta, GA 30350*
*404-806-7180*

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____*1st*_____ day of *NOVEMBER* 20 *12*

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By _____
Deputy Clerk

To defendant upon whom this petition is served:

This copy of complaint and summons was served upon you_____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA.

FILED IN OFFICE

NOV 0 1 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| **CHESTER CLARK TISCHER II and**<br>**JENNY LEA TICHSER,**<br>**Individuals,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**BANK OF AMERICA**<br>**CORPORATION    d/b/a**<br>**BANK OF AMERICA N.A. AND**<br>**BANK OF NEW YORK MELLON**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CIVIL ACTION**
NO: 2012CV223389

**JURY TRIAL DEMANDED**

### VERIFIED COMPLAINT

Plaintiffs Chester Clark Tischer II and Jenny Lea Tischer (hereinafter referred to as "Plaintiffs") hereby brings their claims for wrongful foreclosure pursuant to O.C.G.A 23-2-114 against Bank of America Corporation D/B/A/ Bank of America, N.A. and Bank of New York Mellon (hereinafter "Defendants"). On information and belief, Plaintiffs hereby allege the following in support of their claims:

### PARTIES

1.

Plaintiffs are residents of Cobb County, Georgia.  Their residence is located at: 4191 Longview Cove Roswell Georgia, 30075.

2.

Defendant Bank of America Corporation d/b/a/ Bank of America Corporation is a foreign corporation authorized to do business in the State of Georgia and can be served through its Registered Agent: CT Corporation Systems, 1201 Peachtree Street, NE, Atlanta Ga, 30361.

3.

Defendant Bank of New York Mellon is a foreign corporation that is not registered with the Georgia Secretary of State but is transacting business on regular basis in the State of Georgia. On information and belief, It can be served at its corporate headquarters located at The Bank of New York Mellon Corporation, Church Street Station, New York, New York 10008-2164 pursuant to O.C.G.A. §9-10-91.

## JURISDICTION AND VENUE

4.

Jurisdiction and venue are proper pursuant to O.C.G.A. §§15-6-8 and 14-2-510, as Defendant resides in Fulton County.

## OPERATIVE FACTS

5.

Plaintiff purchased a home located at 4191 Longview Cove Roswell Georgia, 30075. This property was secured by a mortgage now purportedly held by Defendant. Plaintiff has in good faith made timely mortgage payments on the home.

6.

Plaintiffs have always been in the construction business.  As a result in late 2008 and early 2009 they suffered a financial hardship.  In response to this hardship Plaintiffs contacted Defendant and inquired about a mortgage modification. During this time, Plaintiffs at all times made their mortgage payments.  After several months of negotiation, Plaintiffs were told that they were qualified for a modification, but that Defendant's policy was not to provide modifications to people who were not behind on their mortgages.

7.

Defendant then told Plaintiff that if he miss his mortgage payments for the months of November and December 2009, as well as January 2010 and then resume paying his mortgage, that they would be provided a modification.  Plaintiffs were skeptical of this course of action and called and talked with Defendant regarding this matter many more times.  Defendant finally informed Plaintiff that this was the only course of action for him to take and assured him that the fact that he was being told was being noted in his file by Defendant.  With this assurance, Plaintiffs did as they were told and missed the November, December and January mortgage payments.

8.

Plaintiffs promptly resumed paying their mortgage in February 2010.  Plaintiffs have timely made their mortgage payments from February 2010 until October 2012 when Defendant wrongly refused to accept their payment and wrongfully noticed a foreclosure of their home. *See Letter of October 11 2012*, attached as Exhibit 1.

9.

Defendants had no intention of honoring their agreement to modify the loan at the time

the statement was made. Instead, Defendants made these misrepresentations and omissions in an

attempt to defraud Plaintiffs and eventually foreclose on their home.

10.

Defendants noticed the foreclosure of Plaintiffs home and the home is set to be sold on

November 6, 2012.

11.

Additionally, Defendant has acted in extreme bad faith in refusing to honor their

agreement and inducing Plaintiffs to miss three months' worth of mortgage payments.

## COUNT I

## FRAUD

12.

Plaintiffs adopt and incorporate by reference the allegations contained in

Paragraphs 1-11 as if fully set forth herein.

13.

Defendants have a legal obligation not to make intentional omissions or

misrepresentations of fact when doing business in the State of Georgia.

14.

Nonetheless, Defendants made several misrepresentations and omissions of

material fact, both orally and in writing in their own records to induce them to miss

4

three mortgage payments so that Defendants could foreclose on Plaintiff's home. These include, but are not limited to:

(1)    Telling Plaintiffs that they were qualified for a modification program but representing to Plaintiffs that they would not be able to enter into the modification agreement unless they missed three mortgage payments;

(2)    Telling Plaintiffs that since they qualified for a modification and that they would be given the modification if they missed three mortgage payments in November and December in 2009 and January 2010 when they had no intention of granting Plaintiffs a modification; and

(3)    Continuing to accept mortgage payments from Plaintiffs for almost three years after the Plaintiffs missed the payments while having no intention of giving Plaintiffs a modification

15.

Defendants fraudulently induced Plaintiffs to miss their mortgage payments by promising to provide a loan modification without a present intent to perform and knowing that Defendants would not provide the promised modification.

16.

Plaintiffs reasonably and justifiably relied on Defendants verbal and written misrepresentations to its detriment, and missed the three mortgage payments and then resumed paying them for almost three years.  This reliance was reasonable based on the nature of the relationships between the parties.

17.

Plaintiffs' reliance on Defendants fraudulent representations have proximately caused Plaintiffs substantial injury in an amount to be proven at trial. Additionally, Defendants have acted willfully, recklessly and/or maliciously, and with specific intent to cause Plaintiffs harm.  Plaintiffs are entitled to recover compensatory and punitive damages, as well as their attorney's fees, from Defendants.

## COUNT II

### WRONFUL FORECLOSURE- SET ASIDE OF SALE

18.

Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant has a statutory duty to exercise good faith in exercising all foreclosures. Additionally, Defendant has a duty to deal fairly with Plaintiffs relating to any foreclosure and has a duty to deal fairly with Plaintiffs when exercising the power of foreclosure.  *See* O.C.G.A. § 23-2-114.  More particularly, Plaintiffs' claims are in the nature of an injunction prohibiting

Plaintiffs' from foreclosing and damages arising from the wrongful attempted foreclosure as most recently recognized by Judge Tottenberg in Williamson v. Bank of America N.C., 2011 U.S. Dist. LEXIS 155582 (citing *Curl v. Fed. Sav. & Loan*, 241 Ga. 29, 244 S.E.2d 812, 812 (Ga. 1978); *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 443 S.E.2d 837, 838 (Ga. 1994); *West v. Koufman*, 259 Ga. 505, 384 S.E.2d 664, 665 (Ga. 1989); *Sale City Peanut & Milling Co. v. Planters & Citizens Bank*, 107 Ga. App. 463, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963)).

20.

Defendant breached both of those duties to Plaintiffs by inducing them to miss three mortgage payments by promising a modification if they did so, accepting payments from Plaintiffs for almost three years thereafter, and no attempting to foreclose on their home.

21.

This breach caused severe damage to Plaintiffs, and threatens to cause additional harm.

22.

Thus, Plaintiffs are entitled to have the foreclosure proceedings halted. Additionally, Plaintiffs' are entitled to compensatory damages arising from their mental and emotional anguish and as well as punitive damages due to the malicious vindictive and willful nature of their actions.

## COUNT IV

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

23.

Plaintiff incorporates by reference Paragraphs 1 through 22 of this Complaint as if fully restated herein.

24.

Defendants have a duty of good faith and fair dealing when engaging in business in the State of Georgia.

25.

Defendants by inducing Plaintiff's to breach their contract with Defendants with the promise of a mortgage modification have breached this duty of good faith and fair dealing. Specifically, Defendants verbal and written statements that if the Plaintiffs missed three mortgage payments they would be given a modification to their loan breaches this duty.

26.

Due to Defendant's breach of the duty of good faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial. Additionally, because of the wanton, willful, malicious and intentional nature of Defendants acts, Plaintiffs are entitled to recover punitive damages and damages flowing from their mental anguish and emotional distress.

## COUNT VI

## ATTORNEY'S FEES AND REASONABLE COSTS OF LITIGATION

27.

Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as if fully restated herein.

28.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

29.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recovery of his expenses of litigation, including, but not limited to, attorneys' fees.

WHEREFORE, Plaintiff prays that this Court:

(a)     award compensatory and punitive damages in an amount to be determined in the enlightened conscience of a jury;

(b)     halt the foreclosure of Plaintiff's home and enjoin Defendant from foreclosing on plaintiffs' home;

(c)     award Plaintiff attorney's fees and reasonable costs of litigation; and

(d)     for such other and further relief as this Court deems just and equitable.

Plaintiff hereby demands a TRIAL BY JURY.

Respectfully submitted this 31 day of October, 2012.

W. Anthony Collins, Jr.,
Georgia Bar Number: 141712
Smith and Collins, Attorneys, LLC.
8565 Dunwoody Place Suite B
Atlanta, Georgia 30350
404-806-7180

9

#78

**Bank of America**

Home Loans

Mail Stop CA6-919-01-15
450 American Street
Simi Valley, CA 93065

Notice Date:  October 11, 2012

Account No: 108310144
Unique Key: PL10090000727001

Mailing Address:
Chester Tischer
Jenny Tischer
4191 Longview Cv NE
Roswell, GA 30075

Property Address:
4191 Longview Cove
Roswell, GA 30075

Check Number: 5006341215
Date: 10/09/2012
Amount: $2356.09

IMPORTANT MESSAGE ABOUT YOUR LOAN

Thank you for sending the enclosed payment.  Although we appreciate your effort to settle your account, it is necessary to return these funds to you for the following reason:

The payment does not reflect the total amount due. Certified funds are required.

WHAT THIS MEANS:

Please note that additional amounts may become past due until your account is brought fully current.

If you have any questions, please contact us at (800) 669-6654.



TOTAMTDUE 7674/9023  08/27/2007

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

NOV 0 1 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

CHESTER CLARK TISCHER II and )
JENNY LEA TICHSER, )
Individuals, )
  )
   Plaintiffs, )
  )
v. )
  )
BANK OF AMERICA )
CORPORATION d/b/a )
BANK OF AMERICA N.A. AND )
BANK OF NEW YORK MELLON )
  )
  )
   Defendants. )

CIVIL ACTION
NO: 20120V223389

JURY TRIAL DEMANDED

## EMERGENCY MOTION FOR TEMPORARY RESTRANING ORDER AND INJUNCTIVE RELIEF

Comes now Plaintiff Jeannie Guilbaud (hereinafter "Plaintiff") and pursuant to O.C.G.A.

9-11-65, and hereby files her Emergency Motion for a Temporary Restraining Order, showing

the following:

1.

This motion is based on the above styled case and arises pursuant to the facts and

circumstances described therein.

2.

The Defendants listed above induced Plaintiffs to miss mortgage payments in November

and December 2009 and January 2010 in exchange for a loan modification which Defendants

assured Plaintiffs they were qualified for.  Plaintiffs resumed making mortgage payments to Defendants in February 2010 and have continued to do so to present day.

3.

Defendants are now attempting to foreclose on Plaintiffs' home despite the fact that Plaintiffs have been current on the mortgage for almost three years and despite the fact that Defendants induced them to miss the payments on their home..  This foreclosure would deprive Plaintiff of significant equity in the home in the amount of $30,000.

4.

This wrongful foreclosure has already caused Plaintiff harm; however, Defendant is attempting to amplify this harm by selling the home at auction.  This harm is imminent and set certain to occur on November 6, 2012.

5.

Therefore, Defendant must be restrained from foreclosing on Plaintiff.  This restraint will be temporary in nature; will cause Defendant no harm; and will maintain the status quo until this matter is resolved.  Plaintiff will further mitigate any harm to Defendant by paying her monthly payments and any property tax amount owed, into the registry of the Court, for distribution to Defendant at the conclusion of this action.

6.

Therefore, Defendant must be restrained from foreclosing on Plaintiff.

7.

Pursuant to O.C.G.A. , Plaintiff requests that this Court issue an order restraining Defendant from evicting Plaintiff.

**Wherefore,** Plaintiff prays:

    (1)      For an immediate emergency hearing on this matter to protect Plaintiff from immediate harm; and

    (2)      That this Court issue an immediate temporary restraining order in this case restraining Defendants or any related party from foreclosing on Plaintiffs.

    Respectfully submitted this 31st day of October, 2012.

W. Anthony Collins, Jr.
Ga. Bar # 141712

Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, Georgia 30350
404-232-9743
404-806-7180 (fax)