# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHESTER CLARK TISCHER and JENNY LEA TISCHER | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO: **1:12-CV-04185-CAP** |
| BANK OF AMERICA CORPORATION d/b/a BANK OF AMERICA, N.A. and BANK OF NEW YORK MELLON | |
| Defendants. | **JURY TRIAL DEMANDED** |

## PLAINTIFFS HENRY AND NANCY WEBB'S RESPONSE IN OPPOSITION TO DEFENDANT BANK OF AMERICA COPRPORATIONS MOTION TO DISMISS

### I. Introduction

COMES NOW Plaintiff's Chester and Jenny Tischer ("Plaintiffs'") and responds to Defendant Bank of America Corporation, d/b/a Bank of America, N.'s Motion to Dismiss. Defendant's motion misrepresents the law to this Court, attempts to argue ultimate conclusions inappropriate for a O.C.G.A. § 9-11-12(b)

(6)Motion and is generally frivolous. Plaintiffs' request that this Court deny Defendant's Motion.

**II. <u>Argument and Citation to Authority</u>**

**A. STANDARD OF REVIEW**

In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983)</u>; see also <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)</u> (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See <u>Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985)</u>, cert. denied, <u>474 U.S. 1082, 106 S. Ct. 851, 88 L. Ed. 2d 892 (1986)</u>. Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)</u> (citing <u>Twombly, 127 S. Ct. at 1964</u>).

Colette Ciarlante v. Dollar Tree Stores, Inc., 2011 U.S. Dist Lexis 57844 *

2-3(N. D. Ga. 2011).

**B. DEFENDANTS ASSERTION THAT THERE CAN BE NO CLAIM FOR WRONGFUL FORECLOSURE IF A FORECLOSURE SALE HAS NOT OCCURRED IS CONTRARY TO GEORGIA LAW**

Defendants first state that there can be no claim for wrongful foreclosure if there was no foreclosure sale. This is clearly contrary to Georgia Law. Indeed, the Northern District of Georgia has recognized this on multiple occasions:

> Defendant's assertion there can be no cause of action for wrongful foreclosure where a foreclosure sale has not taken place is not supported by Georgia law. Though not always using the caption of wrongful foreclosure, Georgia courts have recognized claims for (1) injunctive relief to set aside a past unlawful foreclosure, (2) damages arising out of a past unlawful foreclosure, (3) injunctive relief to prevent an unauthorized foreclosure, and (4) damages arising out of an attempted unauthorized foreclosure. *See, e.g.,* Curl v. Fed. Sav. & Loan, 241 Ga. 29, 244 S.E.2d 812, 812 (Ga. 1978); Calhoun First Nat'l Bank v. Dickens, 264 Ga. 285, 443 S.E.2d 837, 838 (Ga. 1994); West v. Koufman, 259 Ga. 505, 384 S.E.2d 664, 665 (Ga. 1989); Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 107 Ga. App. 463, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963).

Williamson v. Bank of America, N.A., 2011 U.S. Dist Lexis 155582 (N.D. Ga. 2011)[1]. Defendants then cite Aetna Finance Co. v. Culpepper, 171 Ga. App. 315, 319 (1984) for the standard of what it terms "attempted wrongful foreclosure." That is an interesting proposition as in that the Court ruled Aetna Finance Co. v. Culpepper, Culpepper was a pro se Defendant who raised the issue of "wrongful

---

[1] Counsel for Bank of America in the Williamson case is also counsel for Bank of America in this case.

attempted foreclosure" for the first time on appeal. 171 Ga. App at 319. The Court's only discussion of this claim, was "matters to be considered on appeal, however, are limited to those which were urged before the trial court." Id.

**(C) DEFENDANT'S ARGUMENTS THAT DEFENDANT WAS IN BREACH AND CAN THEREFORE NOT MAINTAIN CLAIMS AGAINST DEFENDANTS ARE INCORRECT AS A MATTER OF FACT AND LAW.**

Defendants' next argument is that the equities are against Plaintiffs because Plaintiffs have admitted that they are in breach of their agreement and monies that should have been tendered were not. However, Plaintiffs have not admitted that they were in breach. Instead, Plaintiffs have clearly stated that Defendants induced Plaintiffs to miss three payments as a condition to modification and have remained current otherwise until such time as Defendants refused to accept the payments. Indeed, in this case Plaintiffs' simply to desire to continue paying. If the Court believes that these pleadings are insufficient in anyway then Plaintiffs would ask for leave to amend.

**(D) DEFENDANTS' ARGUMENT THAT FRAUD CANNOT BE BASED ON FUTURE ACTIONS IS CONTRARY TO THE LAW AND THE FRAUD CLAIM WAS PLED WITH PARTICULARITY.**

Defendant next states that Plaintiffs have failed to state a claim for fraud for two reasons. The first reason provided is because Plaintiffs' claim is "predicated upon promises to perform some act in the future..." However, as Defendants are well aware, Georgia law has long recognized that fraud can stand based on

4

promises to act in the future where there was no intent to perform the acts in question at the time the promises were made. More clearly stated:

> [A] plaintiff could show that the defendant, instead of misrepresenting an existing fact, made promises as to future events with the present intention not to perform or with the knowledge that the future acts would not occur.

then a claim for fraud can be made. Higgenbottom v. Thiele Kaolin Co. 251 Ga. 148, 304 S.E.2d 365 (1983). Additionally, Plaintiffs disagree with Defendants assertions that Plaintiffs have failed to state any particularized facts that Defendants committed fraud and to the extent that Plaintiffs are incorrect they request leave to amend

**(E) DEFENDANT'S ARGUMENT THAT PLAINTIFF HAS NOT ALLEGED A BREACH OF CONTRACT AND IS THEREFORE BARRED FROM SEEKING A CLAIM FOR THE BREACH OF GOOD FAITH AND FAIR DEALING IS FACTUALLY INCORRECT**

Defendant's next argue that Plaintiffs' claims for the breach of good faith and fair dealing must fail because Plaintiff has not alleged a breach of a specific contract provision. To the contrary, Plaintiffs' have clearly alleged that Defendant improperly stopped taking payments pursuant to the modification agreement. Further, O.C.G.A §23-2-114 requires that the power of non judicial foreclosure be exercised fairly. Because Plaintiffs' claims are indeed based on a breach of contract, Defendants request to dismiss this charge must be denied.

## (F) DEFENDANT'S ARGUMENT THAT PLAINTIFF DID NOT SUFFICIENTLY ALLEGE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS ALSO LEGALLY INCORRECT AND MUST BE DENIED.

Next, Defendants attempt to argue that Plaintiffs have not stated a proper claim for the intentional infliction of emotional distress. Plaintiffs state that they believe requesting that someone miss three payments in order to get a modifications, then inundating them with various papers, refusing to communicate with them and then finally attempting to foreclose on their home is behavior outside of the bounds of society. Further, the pleading standard is far reduced in Georgia due to the fact that it is connected to a wrongful foreclosure. It is a settled matter of law that a Plaintiff can recover damages for emotional distress in Georgia even if Plaintiff is unable to recover punitive damages for the intentional infliction of emotional distress. This very issue was addressed in <u>Clark v. West</u>, 196 Ga. App. 456, 395 S.E.2d 884 (1990). There, a plaintiff brought claims for the intentional infliction of emotional distress and the Defendant filed a motion to dismiss the claim, alleging it had not been sufficiently plead. Specifically, the Court, in declining to dismiss the claim, held:

> "We cannot approve the dismissal of appellant's remaining claims simply by labeling them a cause of action for 'intentional infliction of emotional distress' where the Complaint alleges an established tort – wrongful foreclosure—and seeks damages pursuant to O.C.G.A. § 51-

12-6[2] for mental distress as a result of its *intentional* commission. Established law in this States allows the award of damages for such a claim."

Clark , at 196 Ga. App. 458. (Emphasis in original). Thus, even though Plaintiff has appropriately pled the tort of intentional infliction of emotional express, it was not required to do so. Therefore, Defendant's argument must be denied. If the Court deems this Count to be insufficiently pled then Plaintiffs' ask for leave to amend.

**(G) DEFENDANT'S ARGUMENT TO DISMISS PLAINTIFFS' CLAIMS FOR ATTORNEY'S FEES IS CONTINGENT ON ALL OF PLAINTIFFS CLAIMS BEING DISMISSED AND THEREFORE SHOULD BE DENIED**

Defendants' final argument is contingent on all of Plaintiffs' other claims being dismissed. Since none of Defendants' arguments approach being meritorious, and none of Plaintiffs' claim should be dismissed, then this argument must also be denied.

THEREFORE, since all of Defendants' arguments fail, Plaintiffs respectfully request that:

(1) Defendants' Motion to Dismiss be denied in its entirety; and

(2) In the alternative, leave to amend be granted to cure any defects in

---

[2] O.C.G.A. § 51-12-6 provides:

In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

Plaintiffs' Complaint.

Respectfully submitted, this 28th day of February, 2013.

/s/ W. Anthony Collins, Jr.
W. Anthony Collins, Jr.,
Georgia Bar Number: 141712
Smith and Collins, Attorneys, LLC.
8565 Dunwoody Place Suite B
Atlanta, Georgia 30350
404-806-7180

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2013 a true copy of the foregoing has been filed with Court's Electronic Filing System, therefore ensuring service upon:

>Andrew G. Phillips
>Jarrod S. Mendel
>McGuireWoods, LLP
>1230 Peachtree Street Northeast
>Promenade II, Suite 2100
>Atlanta Georgia, 30309

>/s/ W. Anthony Collins, Jr.
>W. Anthony Collins, Jr.,
>Georgia Bar Number: 141712
>Smith and Collins, Attorneys, LLC.
>8565 Dunwoody Place Suite B
>Atlanta, Georgia 30350
>404-806-7180