UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHESTER CLARK TISCHER II and JENNY LEA TISCHER, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:12-CV-4185-CAP |
| BANK OF AMERICA CORPORATION d/b/a BANK OF AMERICA N.A. and BANK OF NEW YORK MELLON, | |
| Defendants. | |

**O R D E R**

This matter is before the court on the defendants' motion to dismiss [Doc. No. 6].

## I. Factual and Procedural Background

This action was originally filed in the Superior court of Fulton County, Georgia. The defendants removed the case to this court based on diversity jurisdiction.

The plaintiffs purchased a home located at 4191 Longview Cove Roswell, Georgia 30075. The property was secured by a mortgage now held by the defendants.[1] In late 2008 and early 2009, the plaintiffs began to suffer

---

[1] While the plaintiffs have sued two banks, throughout the complaint they refer to actions by only a single defendant. For purposes of this motion the

financial hardship. They were current on their mortgage payments at that time. In 2009, the plaintiffs contacted the defendants to inquire about a mortgage modification. After several months of negotiation, the plaintiffs were told that they were qualified for a modification but that the defendants had a policy to not provide modifications to people who were not behind on their mortgages.

The defendants then told the plaintiffs that if they missed their mortgage payments for the three months of November 2009 through January 2010 and then resumed paying their mortgage, they would be able to be provided a modification. The plaintiffs allege that they were skeptical of this course of action, so they spoke with the defendants about the matter many more times. The defendants finally informed the plaintiffs that this was the only way for them to receive a modification and assured them that the defendants were noting the fact that they were being told this in their file. With this assurance, the plaintiffs missed their November, December, and January mortgage payments.

---

court will simply refer to all actions as by "defendants." As noted *infra*, however, this deficiency must be addressed. The same problem exists as to references to a singular plaintiff when there are two plaintiffs on the complaint.

The plaintiffs promptly resumed paying their mortgage in February 2010. They continued to make timely make mortgage payments from February 2010 until October 2012. In October 2012, the defendants refused to accept their payment and noticed a foreclosure of the plaintiffs' home. The plaintiffs' home was set to be sold on November 6, 2012, but the foreclosure sale has not yet occurred. In response, the plaintiffs filed this action.[2]

## II. The Defendants' Motion to Dismiss

### A. Motion to Dismiss Standard

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion to dismiss generally does not need detailed factual allegations:

---

[2] The court notes that this alleged sequence of events is strikingly similar to the allegations made in *In re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation*, 746 F.Supp.2d 1359 (MDL 2010). This is a multi-district litigation ("MDL") proceeding currently being litigated in the District of Massachusetts. In that litigation, the plaintiffs allege that Bank of America regularly fails to comply with the terms of the Home Affordable Modification Program (HAMP) and has breached contracts with the plaintiffs and/or has breached a contract to which plaintiffs are intended third-party beneficiaries. MDL proceedings consolidate cases from around the country that have substantially similar questions of fact into one court for most or all pre-trial or trial proceedings. Individual cases can be sent to the MDL court by the United States Judicial Panel on Multidistrict Litigation or by motion of one of the parties to a case pursuant to 28 U.S.C.A. § 1407(c)(ii).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005). A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**B. Analysis**

The plaintiffs' complaint contains 4 counts: (1) fraud, (2) wrongful foreclosure, (3 (mislabeled as 4)) breach of the duty of good faith and fair dealing, and (4 (mislabeled as 6)) attorney's fees and reasonable costs of litigation.

*1. Fraud*

The plaintiffs allege that the defendants fraudulently induced them to miss three mortgage payments to qualify for loan modification. The claim rests on several misrepresentations and omissions of material fact that the defendants allegedly made to the plaintiffs regarding the defendants' requirements to qualify for the loan modification program.

The defendants have moved to dismiss this claim on two grounds. First, they argue that the alleged representations were merely promises to act in the future that are not actionable as fraud. Second, the defendants argue that the plaintiffs have failed to meet the heightened pleading requirements for a fraud claim under Federal Rule of Civil Procedure 9(b).

The court agrees with the defendants' assessment that the complaint fails to meet the heightened pleading requirements of Rule 9(b). Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (internal quotations omitted). Rule 9(b) is satisfied if

> the complaint sets forth (1) precisely what statements were made
> in what documents or oral representations or what omissions
> were made, and (2) the time and place of each such statement
> and the person responsible for making (or, in the case of
> omissions, not making) same, and (3) the content of such
> statements and the manner in which they misled the plaintiff,
> and (4) what the defendants obtained as a consequence of the
> fraud.

*Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Here, the plaintiffs have pled more than general allegations as to what statements or omissions were allegedly fraudulent, but they have not made these pleadings with the level of preciseness that Rule 9(b) requires. Nevertheless, in responding to the defendants' motion to dismiss, the plaintiffs have requested leave to amend their complaint should the court find that it does not meet the heightened pleading requirements of Rule 9(b). Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court grants the plaintiffs leave to amend their fraud count to comport with Rule 9(b). As such, the court will not at this time address the defendants' argument that the alleged representations were merely promises to act in the future that are not actionable as fraud.

### 2. *Wrongful Foreclosure*

The plaintiffs are seeking an injunction to halt the foreclosure sale as well as "compensatory damages arising from their mental and emotional

anguish" and "punitive damages due to the malicious vindictive and willful nature of their [the defendants] actions." Compl., ¶ 22 [Doc. No. 1-1]. The plaintiffs base this claim on alleged violations of O.C.G.A. § 23-2-114. They have alleged no other cause of action for wrongful foreclosure. Section 23-2-114 governs the powers of sale in deeds of trust, mortgages, and other instruments, and requires creditors to fairly exercise these powers. "Where a [mortgagee] does not comply with the statutory duty under O.C.G.A. § 23-2-114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure." *DeGolyer v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008). "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Id.* "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." *Id.*

The defendants make a number of arguments for why the wrongful foreclosure claim should be dismissed. First, the defendants argue that because the property was not sold at foreclosure, the plaintiffs cannot state a claim for wrongful foreclosure. Second, the defendants argue that the

plaintiffs' failure to tender the full loan amount prevents them from seeking injunctive relief. Finally, the defendants argue that the plaintiffs cannot show a causal connection between the alleged breach of a duty and their claimed injury and damages.

As to the defendants' first argument, they are correct that a claim for wrongful foreclosure is premature where a foreclosure sale has not yet occurred. To the extent that the plaintiffs are seeking injunctive relief pursuant to O.C.G.A. § 23-1-114 to forestall the foreclosure sale, the court grants them leave to recast their complaint as a claim for injunctive relief based on a theory of wrongful attempted foreclosure under § 23-1-114.

In addition, to the extent the plaintiffs are seeking monetary damages for this claim, they may seek damages for the tort of wrongful attempted foreclosure, which is essentially a defamation claim. The defendants argue that the plaintiffs have also not stated this type of claim for wrongful attempted foreclosure because the plaintiffs admit they were in default. This is incorrect. The plaintiffs have not admitted they were in default. They admit that they missed three mortgage payments, but allege that this was at the direction of the defendants.

At the motion to dismiss phase, this court must construe the facts in the plaintiff's favor. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1

(11th Cir. 1999). Here, the plaintiffs allege that the defendants told them to stop making payments for three months and then to resume payments in order to receive a permanent modification. In addition, the plaintiffs allege that the defendants stated that they had noted this course of action in the plaintiffs' file at the bank. Finally, the plaintiffs allege that after the three-month period passed, they resumed making full payments for nearly 2 1/2 years and the defendants continued to accept these payments until the time that the defendants decided to foreclose. If the defendants did make these statements and did take these actions and foreclosed anyway, their failure to exercise the power of sale fairly and in good faith led to an incorrect publication that the plaintiffs were in default.

 The defendants next argue that the claim for wrongful attempted foreclosure is precluded because the plaintiffs have failed to tender or offer to tender the amount due on the loan, specifically the amount due for the three months of their admitted default. As stated above, the plaintiffs have not admitted that they are in default. There is no other period in which there was non-payment beyond the period after October 2012 when BOA refused to accept any more payments. Further, the plaintiffs have stated in their response to the defendants' motion to dismiss that they desire to continue paying their mortgage. Construing the facts in the plaintiffs' favor, they have

plausibly pled that there is no amount due on the loan and that any non-payment is directly attributable to BOA's alleged wrongdoing. *See Michel v. Pickett*, 247 S.E.2d 82, 87 (Ga. 1978) ("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount *admittedly* due.") (emphasis added).

The defendants' final argument—that the plaintiffs cannot establish causation on the part of the defendants—also fails because it is premised on the mistaken argument that the plaintiffs have admitted that they were in default.

### 3. Breach of the Duty of Good Faith and Fair Dealing

In Georgia, a covenant of good faith and fair dealing "is not an independent contract term." *Alan's of Atlanta, Inc. v. Minolta, Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990). "It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure." *Id.* (emphasis in original) (citing *Smithloff v. Benson*, 328 S.E.2d 759 (Ga. Ct. App. 1985); *Koets, Inc. v. Benveniste*, 312 S.E.2d 846 (Ga. Ct. App. 1983) aff'd, 314 S.E.2d 912 (Ga. 1984); *Fulton Nat'l Bank v. Willis Denney Ford, Inc.*, 269 S.E.2d 916 (Ga. Ct. App. 1980); *Carmichael v. Gonzalez*, 131 S.E.2d 149 (Ga. Ct. App. 1963)). Therefore, a claim for breach of the implied covenant of good faith and fair

dealing will only lie in conjunction with a claim for breach of the explicit terms of the contract. *See id.* ("[I]t is not an undertaking that can be breached apart from those terms.").

Here, the defendants argue that the plaintiffs have not alleged the breach of a specific contract provision; therefore a claim for breach of the implied covenant cannot lie. The court agrees. The plaintiffs have not alleged that the defendants breached the specific terms of a contract, nor have they alleged what those specific terms would be. As such, the defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE as to count 3 (mislabeled as 4). The plaintiffs may file a new claim for breach of the covenant in an amended complaint that comports with the specific pleading requirements for such a claim. Failure to do so in an amended complaint will result in immediate dismissal of that claim.

The defendant has separately argued that the plaintiffs appear to be requesting damages for the intentional infliction of emotional distress in both this count and their count for wrongful foreclosure discussed *supra*. To the extent the plaintiffs are seeking damages for the intentional infliction of emotion distress, they must include a separate count for this claim in their complaint. Should the plaintiffs file an amended complaint, the court gives them leave to include such a separate cause of action.

*4. Attorney's Fees and Reasonable Costs of Litigation*

The plaintiffs also request for attorney's fees and costs pursuant to O.C.G.A. § 13-6-11. The defendants argue that this request is not an independent cause of action, but merely a derivative claim of the plaintiffs' other substantive claims; therefore because those claims should be dismissed this claim should be as well. Because the court has reserved ruling on the majority of the plaintiffs' claims, it will likewise reserve ruling on this claim.

## III. Conclusion

The court has concluded that the plaintiffs' complaint contains elements of a shotgun pleading. *See Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. Shotgun pleadings wreck havoc on the judicial system."); *Beckwith v. Bellsouth Telcommunications, Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005) (labeling as a shotgun pleading a complaint that made it virtually impossible to ascertain what factual allegations corresponded with each claim and which claims were directed at which defendants). The plaintiffs' complaint contains three counts that incorporate by reference all of the paragraphs and counts preceding them. In addition, the plaintiffs have sued two defendants, but all of their factual

allegations are against a singular "defendant" without a notation as to which defendant the alleged fact applies. The same problem exists as to references to a singular plaintiff when there are two plaintiffs on the complaint.

Accordingly, the plaintiffs are hereby ORDERED to amend their complaint alleviating the defects described above. Failure to do so will result in dismissal of all remaining claims. This amended complaint should also address the various pleading amendments the court has granted pursuant to Rule 15(a)(2) described in this order.

In sum, the defendants' motion to dismiss [Doc. No. 6] is GRANTED WITHOUT PREJUDICE as to count 3 (mislabeled as 4) and the court withholds ruling as to all other portions of the motion. The plaintiff shall have until 21 days from the date of this order to file an amended complaint. They will not have to re-serve the defendants, who will receive electronic notice of the new pleading through CM/ECF. The defendants will then have 21 days from an amended pleading to file an answer or other responsive pleading.

**SO ORDERED** this 8th day of July, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge