IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHESTER CLARK TISCHER II and JENNY LEA TISCHER<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION d/b/a BANK OF AMERICA N.A. and BANK OF NEW YORK MELLON<br><br>Defendants. | Civil Action File No. 1:12-cv-04185-CAP |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

I.   **Introduction**

COME NOW Plaintiffs Chester and Jenny Tischer ("Plaintiffs'") and responds to Defendant Bank of America Corporation, d/b/a Bank of America, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint. Defendants' motion misrepresents the law to this Court and is generally frivolous. Defendants' Motion should be denied,

II.   **Argument and Citation to Authority**

   A.   **Standard of Review**

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) is appropriate only if the facts alleged do not state a "plausible" claim for relief. Bell

1

Atlantic v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007). A complaint will not fail merely because the plaintiff is unlikely to prove those facts necessary to recover, id. at 1965, and "the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff." Colette Ciarlante v. Dollar Tree Stores, Inc., 2011 U.S. Dist Lexis 57844 *2 (N. D. Ga. 2011) (citing Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983)). Pleadings under Federal Rule of Civil Procedure 8(a)(2) need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted).

### B.  Georgia law recognizes fraud claims premised on representations of future action made without the intent to perform.

Defendants argue that Plaintiffs have failed to state a claim for fraud for two reasons. First, they claim that Plaintiffs' "representations . . . are at most promises to act in the future, and are not actionable as fraud." (Docket No. 11, Attachment 1, pg. 6). However, as Defendants are well aware—See Plaintiffs' Response to Defendants' original Motion to Dismiss (Docket No. 7, pp. 4–5)—the Georgia Supreme Court long ago held that "[a]n action for fraudulent inducement can be made out . . ." by showing that "the defendant, instead of misrepresenting an existing fact, made promises as to future events with the present intention not to perform or with the knowledge that the future event would not occur."

Higginbottom v. Thiele Kaolin Co., 251 Ga. 148, 152, 304 S.E.2d 365 (1983); see also Fuller v. Perry, 223 Ga. App. 129, 131-32, 476 S.E.2d 793 (1996); Deltapack, Inc. v. Jungle Growth, LLC, 1:10CV591, 2013 WL 3052760 *7 (M.D.N.C. June 17, 2013) *report and recommendation adopted,* 1:10-CV-591, 2013 WL 3936491 (M.D.N.C. July 30, 2013) (citing Fuller). Plaintiffs claim in their First Amended Complaint that Defendants' promises of future loan modifications were made in bad faith and without any present intention to perform. (Docket No. 10, pp. 12–14). Thus, Defendants' first argument against Plaintiffs' fraud claim is without merit.

### C.     **Plaintiffs pleaded the elements of a fraud claim with sufficient specificity.**

Defendants' second argument for dismissal of Plaintiffs' fraud claim is that Plaintiffs ostensibly failed to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b). This argument also fails.

Citing no examples from Plaintiffs' Amended Complaint, Defendants simply make the unsupported claim that Plaintiffs "make generic and conclusory allegations as to the formulaic elements of a fraud claim." (Docket No. 11, Attachment 1, pg. 7). Under Rule 9(b), a complaint alleging fraud must set forth:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and

>the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997). The only element of a fraud claim Defendants actually identify as insufficiently pleaded, however, is the fourth: benefit to the defendants as a consequence of the fraud. (Docket No. 11, Attachment 1, pg. 7).

According to defendants, "it is difficult to argue how a mortgage lender would benefit at all by convincing an otherwise paying borrower to default in payments." (Docket No. 11, Attachment 1, pg. 7). Of course, we could speculate as to whether the Defendants might benefit in the future from enormous loss/share payments from the FDIC, or from profits from the sale of Plaintiffs' home. Plaintiffs need not allege such potential benefits to the Defendants at this stage. Rather, for the purposes of satisfying Rule 9(b), it is sufficient that Plaintiffs have very clearly alleged that Defendants have obtained as a consequence of their fraud:

1. Plaintiffs' home and their equity in it

2. Fourteen months of mortgage payments from Plaintiffs while Defendants strung them along, promising to modify their mortgage.

(See especially Docket No. 10, pp. 13–14). Rule 9(b) requires no more than this.

Despite Defendants' failure to specify which other requirements of Rule 9(b) they believe to be unsatisfied, it is worth noting that Plaintiffs have in fact satisfied each of the other three requirements. In fact, Paragraph 27 of Plaintiffs' First

Amended Complaint consists of two-and-a-half pages of (1) statements and promises made by Defendants and Defendants' predecessor Countrywide, (2) the times and places of each statement and the persons responsible, and (3) the content of the statements and the manner in which they misled Plaintiffs (Docket No. 10, pp. 11–14). These include, *inter alia*;

> (1) Literature sent to Plaintiffs' home stating that they were "prequalified" for a mortgage;
>
> (2) March 2009 statements by Defendants that Plaintiffs were prequalified, and requests that they submit paperwork to achieve the modification;
>
> (3) June 2009 statements and requests by Defendants to the same effect;
>
> (4) August 2009 statements and requests by Defendants to the same effect;
>
> (5) promises by Defendants that, if Plaintiffs missed three payments from November 2009 through February 2010 and submitted yet more paperwork, Plaintiffs would qualify for a modification; and
>
> (6) November 2009 reaffirmations by Defendants to Plaintiffs that Plaintiffs could not qualify for a modification if they submitted mortgage payments from November 2009 through February 2010.

Plaintiffs allege as to each of these statements that Defendants had no present intent to perform as promised, that Plaintiffs reasonably relied on those promises, and that Plaintiffs suffered injury by foregoing rent payments and unwittingly subjecting themselves to an attempted foreclosure by Defendants. (Docket No. 10, pp. 11–14).

Plaintiffs could hardly have done more to satisfy Rule 9(b) and to give Defendants fair notice of the claims against them. See Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007) (citing Twombly, 550 U.S. at 555). This Court should therefore deny Defendants' argument that Plaintiffs have insufficiently pleaded their claim of fraud.

### D. Defendants' claim that Plaintiffs have failed to tender payment due and are thus ineligible for equitable relief from foreclosure proceedings has already been rejected by this Court.

As this Court already stated in its Order on Defendants' first Motion to Dismiss:

> The defendants next argue that the claim for wrongful attempted foreclosure is precluded because the plaintiffs have failed to tender or offer to tender the amount due on the loan, specifically the amount due for the three months of their admitted default. As stated above, the plaintiffs have not admitted that they are in default. There is no other period in which there was non-payment beyond the period after October 2012 when BOA refused to accept any more payments. Further, the plaintiffs have stated in their response to the defendants' motion to dismiss that they desire to continue paying their mortgage. Construing the facts in the plaintiffs' favor, they have plausibly pled that there is no amount due on the loan and

> that any nonpayment is directly attributable to BOA's alleged wrongdoing. See Michel v. Pickett, 247 S.E.2d 82, 87 (Ga. 1978) ("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount **admittedly** due.") (emphasis added).

(Docket No. 9, pp. 9–10). Defendants' renewed argument that Plaintiffs are ineligible for equitable relief (Docket No. 11, Attachment 1, pp. 8–9) is wholly without merit and Plaintiffs are entitled to have the foreclosure proceedings halted.

### E. Defendants properly seek damages for attempted wrongful foreclosure.

Defendants claim that "Plaintiffs have chosen to ignore this Court's instructions" to "seek damages for wrongful foreclosure" . . . "and instead allege a non-existent claim for 'compensatory damages arising from their mental and emotional anguish as well as punitive damages.' " (Docket No. 11, pg. 9). This allegation is nonsensical. Defendants ignore the obvious fact that Plaintiffs' claim for damages falls under Count II of Plaintiffs' First Amended Complaint seeking relief under O.C.G.A. § 23-2-114 for wrongful attempted foreclosure:

> Plaintiffs' claims are in the nature of an injunction prohibiting Plaintiffs' from foreclosing and damages arising from the wrongful attempted foreclosure as most recently recognized by Judge Tottenberg in Williamson v. Bank of America N.C., 2011 U.S. Dist. LEXIS 155582 (citing Curl v. Fed. Sav. & Loan, 241 Ga. 29, 244 S.E.2d 812, 812 (Ga. 1978) . . . .

(Docket No. 10, ¶ 31). Plaintiffs' claims for "damages arising from their mental and emotional anguish and as well as punitive damages" (Docket No. 10, ¶ 34) is clearly part and parcel of Plaintiffs' claim for damages under O.C.G.A. § 23-2-114. As this Court clearly stated in its Order on Defendants' original Motion to Dismiss:

> To the extent that the plaintiffs are seeking <u>injunctive</u> relief pursuant to O.C.G.A. § 23-1-114 [*sic*] to forestall the foreclosure sale, the court grants them leave to recast their complaint as a claim for injunctive relief based on a theory of wrongful attempted foreclosure under § 23-1-114 [*sic*].
>
> In addition, to the extent the plaintiffs are seeking <u>monetary damages</u> for this claim, they <u>may seek damages for the tort of wrongful attempted foreclosure</u>, which is essentially a defamation claim. . . .

(Docket No. 9, pg. 8) (emphasis added).

Plaintiffs have done nothing short of continuing to seek damages for the claims that they had initially alleged, including wrongful foreclosure, a claim that the Supreme Court of Georgia has repeatedly ruled accrues the moment that the sale is advertised.  See <u>Clark v. West</u>, 196 Ga. App. 456, 458, 395 S.E.2d 884 (1990).  Every citation and argument that Defendants present to the contrary are based on unpublished opinions and wishful thinking.

Further, while Defendants earlier claimed that Plaintiffs "appear[ed]" to seek damages for intentional infliction of emotional distress (Docket 6, pg. 13), Defendants never explicitly made any such claim. In its Order on Defendants' original Motion to Dismiss, this Court recognized the clear possibility that

Plaintiffs had not claimed a separate cause of action for IIED, and its order to "include a separate count" was only "[t]o the extent the plaintiffs are seeking damages for intentional infliction of emotional distress . . . ." (Docket No. 9, pg. 11) (emphasis added). As Plaintiffs explained in detail in their Response to Defendants' original Motion to Dismiss (Docket No. 7, pp. 6–7), Plaintiffs do not seek damages for IIED, but rather general/hedonic damages resulting from the intentional act of wrongful attempted foreclosure, which is permitted under O.C.G.A. § 51-12-6. Plaintiffs need not plead facts supporting an independent claim for IIED in order to recover for such injuries. See Clark, 196 Ga. App. at 458. Defendants' argument to the contrary has no merit and should be denied.

### F. Plaintiffs' claim for attorney's fees and punitive damages should not be dismissed

Defendants' final argument that Plaintiffs' claim for an award of attorney's fees and punitive damages should be dismissed is contingent on all of Plaintiffs' other claims being dismissed. Because Defendants' arguments on the other substantive claims have no merit, and none of Plaintiffs' claims should be dismissed, these arguments should also be denied.

## III. Conclusion

THEREFORE, since all of Defendants' arguments fail, Plaintiffs respectfully request (1) that Defendants' Motion to Dismiss be denied in its

entirety; and (2) in the alternative, that leave to amend be granted to cure any defects in Plaintiffs' First Amended Complaint.

Respectfully submitted, this 3rd day of September, 2013.

/s/ W. Anthony Collins, Jr.
W. Anthony Collins, Jr.,
Georgia Bar Number: 141712
Smith and Collins, Attorneys, LLC.
8565 Dunwoody Place Suite B
Atlanta, Georgia 30350
404-806-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2013 a true copy of the foregoing has been filed with Court's Electronic Filing System, therefore ensuring service upon:

>Andrew G. Phillips
>Jarrod S. Mendel
>McGuireWoods, LLP
>1230 Peachtree Street Northeast
>Promenade II, Suite 2100
>Atlanta Georgia, 30309

>/s/ W. Anthony Collins, Jr.
>W. Anthony Collins, Jr.,
>Georgia Bar Number: 141712
>Smith and Collins, Attorneys, LLC.
>8565 Dunwoody Place Suite B
>Atlanta, Georgia 30350
>404-806-7180