IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHESTER CLARK TISCHER II and<br>JENNY LEA TISCHER<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION<br>d/b/a BANK OF AMERICA N.A. and<br>BANK OF NEW YORK MELLON<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE<br>)   NO. 1:12-cv-04185-CAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Defendants Bank of America, N.A.[1] ("BANA") and The Bank of New York Mellon ("BONY") (collectively, the "Bank Defendants"), by and through counsel, and file this Reply in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint (the "Complaint" or "Compl.") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] Bank of America Corporation is improperly named as a party to this lawsuit. Bank of America Corporation is a holding company, not a bank, and does not originate or service loans. It is a separate entity from Bank of America, N.A. Defendants presume that Plaintiffs intended to name Bank of America, N.A. as the defendant to this lawsuit. Bank of America Corporation reserves the right to contest their inclusion in this lawsuit.

## INTRODUCTION

In their Response to the Motion to Dismiss (the "Response"), Plaintiffs attempt to deflect each of Defendants arguments showing that the Amended Complaint fails to state a claim upon which relief may be granted. Plaintiffs' attempts, however, are insufficient for several reasons. First, their citation to aged cases in support of their fraud claim ignores recent contrary precedent on nearly identical allegations in the mortgage context that have consistently been dismissed for failure to state a claim. Second, Plaintiffs still fail meet the heightened pleading requirements, and their claim is based almost exclusively on conclusory allegations. Third, Plaintiffs ignore the clear tender requirement necessary to qualify for injunctive relief as requested in their Amended Complaint. Fourth, Plaintiffs continue to disregard this Court's directives regarding a potential damages claim for wrongful attempted foreclosure and stubbornly insist that they instead have a claim for wrongful foreclosure although it is undisputed that no sale has occurred. Finally, Plaintiffs ignore this Court's instructions to plead any claim for emotional distress as a claim for intentional infliction of emotional distress as required by controlling Georgia case law.

For all of these reasons, Plaintiffs fail to show how any of their claims should survive Defendants' Motion to Dismiss, and this action should be dismissed

for failure to state a claim upon which relief may be granted.

**I.      Plaintiff's Fraud Claim Still Fails**

It is clear that under Georgia law, fraud cannot be based upon "broken promises, unfilled predictions or erroneous conjecture as to future events." Infrasource, Inc. v. Hahn Yalena Corp., 272 Ga. App. 703, 707 (2005). In fact, representations concerning expectations and hopes are not actionable. Id. Despite this clear bar to their claims, Plaintiffs argue in the Response that they can maintain fraud claims concerning promises to perform a future act. In support, they cite to aged Georgia case law and completely ignore the cases cited by Defendants in the Motion. This disregard is even more glaring considering that there are many cases interpreting Georgia law in the loan modification and foreclosure context that are directly contrary to their position.

For instance, in Caselli v. PHH Mortg. Corp., 1:11-CV-2428-RWS, 2012 WL 124027 at *8 (N.D. Ga. Jan. 13, 2012), Judge Story ruled that the plaintiff's fraud claim based on a perceived agreement to modify her loan was not actionable because it was "predicated upon either promises to perform some act in the future or a mere failure to perform promises made." Id. In reasoning that future claims are not actionable, Judge Story states "[o]therwise any breach of a contract would amount to fraud." Id. (quoting J. Kinson Cook of Ga., Inc. v. Heery/Mitchell, 284

Ga.App. 552, 644 S.E.2d 440, 447 (2007).

Similarly, Judge Murphy recently ruled against nearly identical arguments in dismissing a borrower's claims.  See  Langford v. JPMorgan Chase Bank, et al., 4:13-CV-0016-HLM, Doc. 31, pp. 38-39 (N.D. Ga. Aug. 27, 2013).  Specifically, this case, in which Plaintiffs' counsel represented the plaintiff, involved a similar alleged promise to modify a mortgage with an agreement not to foreclose.  Id. Those claims were found to be mere promises to act in the future and not actionable as fraud.  Id.

Plaintiffs' citation to Higginbottom, et al. v. Thiele Kaolin Co., 251 Ga. 148 (1983) is not persuasive as that case does not involve a claim for fraud.  Instead, the claim therein is one for ***fraudulent inducement***, which involves an entirely different factual scenario wherein one party was induced to enter into a contract by relying on a fraudulent representation by the other party.  See Id. at 152.  There is no allegation by Plaintiffs that they were induced to enter a contract with Defendants; therefore, their reliance on Higinbottom is misplaced.

Additionally, Plaintiffs specific allegations are nothing more than formulaic recitations of the elements of a claim for fraud.  Rather than make specific allegations to meet the heightened pleading requirement, Plaintiffs instead append variations of the phrase "when neither BOA [n]or Mellon had any present intention

4

of providing a modification to Plaintiffs" to each subpart of their fraud count in an attempt to superficially plead a claim. Such a contrived attempt violates the clear axiom that formulaic recitation of the elements of a cause of action does not meet the pleading standards to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Nevertheless, many of the formulaic recitations about being induced to default are at odds with the operative facts pled earlier in their Amended Complaint. First, it was Plaintiffs who inquired into whether they qualified for a loan modification because of a hardship and severe loss of income. (Compl. ¶ 13). In fact, Plaintiffs admit that they were told they did not qualify for the applicable loan modification program at least three times. (Compl. ¶¶ 15-16, 21). Unsatisfied with this outcome, Plaintiffs admit that they missed payments in order to become eligible for a modification program. (Compl. ¶¶ 18-19). Interestingly, Plaintiffs do not allege that they properly submitted required financial documents following their default and do not appear to contemplate that their particular financial situation simply may not have qualified for modification. Unhappy with the outcome, they now seek to avoid the consequences of their non-payment. These facts do not support a claim that Defendants induced Plaintiffs to default with no intention of reviewing them for a modification.

Based on Plaintiffs' factual allegations (as opposed to their conclusory, formulaic speculation), their claim for fraud clearly concerns promises to perform a future act, and thus fails to state a claim upon which relief may be granted. Plaintiff's rely on irrelevant case law and do not address recent rulings directly on point and contrary to their position. Moreover, the facts alleged do not meet the heightened pleading requirement and merely show that after being told they were ineligible for a modification, Plaintiffs took actions in an effort to attain eligibility, but were ultimately denied a modification. This is not actionable fraud, and this claim should be dismissed with prejudice.

## II. Plaintiffs Still Have Not Pled a Claim for Wrongful Attempted Foreclosure and Cannot Maintain a Claim for Wrongful Foreclosure.

### A. Injunctive Relief

In their Response, Plaintiffs essentially admit that they have not tendered the amount admittedly due and owing. (Doc. 12, pp. 6-7). Instead, they attempt to misconstrue language in this Court's prior ruling stating that tender was not required to maintain a claim for damages for wrongful attempted foreclosure because Plaintiffs did not admit they were in default. The situation, however, is different when Plaintiffs are specifically seeking injunctive relief.

As stated in the Motion, the law is clear that one seeking to enjoin a foreclosure sale must tender the amount admittedly owing. Moreover, Federal

Rule of Civil Procedure 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Lacosta, 2011 U.S. Dist. LEXIS 5168 at 4-5.

Plaintiffs admit they missed three payments in late 2009 to early 2010. (Compl. ¶ 24). Those payments are owed. Plaintiffs also admit that they have not made payments since October 2012. (Compl. ¶ 25). Those payments are owed as well. The missing payments are due and owing, and Plaintiffs have not pled an ability, much less a willingness, to make those payments to the Court's registry in exchange for the requested equitable relief. Instead, they seek to further enjoin a foreclosure sale of the Property while they remain living there essentially rent-free without having to provide any security or tender of payments should they fail to prevail on their substantive claims. Such a result is inequitable and, accordingly, Plaintiffs' request for injunctive relief should be denied.

### B. Damages

As for the wrongful foreclosure damages count, Plaintiff's simply fail to plead a cognizable claim. This Court was clear in its instructions for pleading a claim for wrongful attempted foreclosure which is essentially a claim for

defamation.  Plaintiffs ignored the Court's instructions and failed to even attempt to allege such a claim.  Instead, they cite to cases that almost exclusively involve completed foreclosure sales and claims for damages and injunctive relief.[2]

Even if one of the cases Plaintiffs cite support their position, it is an outlier ruling as Georgia courts consistently hold that no wrongful foreclosure claim exists prior to the actual foreclosure sale.  See Aetna Finance Co. v. Culpepper, 171 Ga. App. 315, 319, 320 S.E. 2d 228, 232 (1984) (holding that a wrongful attempted foreclosure claim requires plaintiff to show that a foreclosing party made "a knowing and intentional publication of untrue and derogatory information concerning [their] financial condition, and that damages were sustained as a direct result of this publication."); see also Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D. Ga. Sept. 14, 2012); Roper v. Parcel of Land, No. 1:09-CV-0312 RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action Plaintiff cannot prove a claim for wrongful foreclosure.").  Ezuruike v. Bank of New York Mellon, 2012 U.S. Dist. LEXIS

---

[2] One case cited by Plaintiffs, Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 107 Ga. App. 463, 130 S.E.2d 518 (1963) even supports Defendants position by holding that the borrowers' allegations that "defendants knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result of this publication," the elements of a claim for wrongful attempted foreclosure, properly states a claim for relief.  Id. at 465.

129091, 2012 WL 3989961 (N.D. Ga. 2012); Mayrant v. Deutsche Bank Trust Company Americas, 2011 U.S. Dist. LEXIS 54539, 2011 WL 1897674 (N.D. Ga. 2011); Bates v. JPMorgan Chase Bank, N.A., 2012 WL 3727534 (M.D. Ga. 2012); Hauf v. HomEq Servicing Corp., 2007 U.S. Dist. LEXIS 9439, 2007 WL 486699 (M.D. Ga. 2007); Peterson v. MERSCorp Holdings, Inc., 2012 U.S. Dist. LEXIS 128288, 2012 WL 3961211 (N.D. Ga. 2012); Gass v. CitiMortgage, Inc., 2012 U.S. Dist. LEXIS 114457, 2012 WL 3201400 (N.D. Ga. 2012).  Since Plaintiffs did not even attempt to plead a proper claim for wrongful attempted foreclosure after being granted leave to do so, their claim should be dismissed with prejudice.

    **C.**    **Emotional Distress**

Plaintiffs' ongoing attempt to argue that their mental anguish is merely an element of damages for wrongful foreclosure is misplaced and contrary to clear and controlling law.  When confronted with claims of wrongful foreclosure causing emotional distress, the Georgia Court of Appeals has consistently held that claims for mental anguish in the foreclosure context are to be treated "as an action for intentional infliction of emotional distress, and the burden that plaintiff must meet is a stringent one in order to prevail." McCarter v. Bankers Trust Co., 247 Ga. App. 129, 133 (2000).  In DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449, 662 S.E.2d 141 (2008), the Court of Appeals clearly held that

9

although an injured party in a wrongful foreclosure action may seek damages for mental anguish, "such an action for damages for emotional distress is *treated* as an action for *intentional infliction of emotional distress*" and reiterated that the claim must meet a stringent burden.  Id. (emphasis added) (internal quotations omitted).

Plaintiff's reliance on Clark v. West, 196 Ga. App. 456, 457-58, 395 S.E.2d 884 (1990), is misplaced because the Georgia Court of Appeals itself has cited to that opinion as requiring analysis under the intentional infliction of emotional distress standard.  See  Racette v. Bank of America, N.A., 317 Ga. App. 171, 180, 733 S.E.2d 457 (2012) (citing to Clark as holding that a "claim for intentional infliction of emotional distress could proceed, where debtor alleged that foreclosing parties 'knew the note was not in default and [that] they had no right to foreclose." Id.).

It is not up to Plaintiffs to choose how they want to cast their claim.  Rather, a claim for emotional distress, mental anguish, etc. in the wrongful foreclosure context must meet the intentional infliction of emotional distress standard. Plaintiffs' failure to even attempt to meet that standard requires that such a claim for damages, even though not asserted as a separate count, be dismissed with prejudice.

### III.   Attorneys' Fees and Punitive Damages

Again, Plaintiffs' claims for punitive damages and attorneys' fees should be dismissed because they are not independent causes of action under Georgia law, but rather remedies.  See Fuller v. Home Depot Services, LLC, 2007 WL 2345257, at *9 (N.D. Ga. Aug. 14, 2007).  An award of attorneys' fees, costs and expenses is derivative of whether a plaintiff prevails on his or her substantive claims.  See J. Andrew Lunsford Properties, LLC v. Davis, 257 Ga. App. 720, 722 (2002).  These "claims" also are merely derivatives of other substantive claims that the Plaintiffs assert.  Because the substantive claims fail to state cognizable claims for relief, the derivative claims should also be dismissed.

### CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Amended Complaint and dismiss this action with prejudice.

This 20th day of September, 2013.

        /s/ Jarrod S. Mendel
Andrew G. Phillips
Georgia Bar No. 575627
Jarrod S. Mendel
Georgia Bar No. 435188
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100

11

Atlanta, Georgia  30309-3534
(404) 443-5713 (Telephone)
(404) 443-5599(Facsimile)
jmendel@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A. and The Bank of New York Mellon.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHESTER CLARK TISCHER II and ) <br> JENNY LEA TISCHER ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA CORPORATION ) <br> d/b/a BANK OF AMERICA N.A. and ) <br> BANK OF NEW YORK MELLON ) <br> ) <br>    Defendants. ) <br> ) | CIVIL ACTION FILE <br> NO. 1:12-cv-04185-CAP |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

On September 20, 2013 I electronically filed the foregoing *Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                                    /s/ Jarrod S. Mendel
                                                    Jarrod S. Mendel