IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHESTER CLARK TISCHER II and JENNY LEA TISCHER )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF AMERICA CORPORATION )<br>d/b/a BANK OF AMERICA N.A. and )<br>BANK OF NEW YORK MELLON )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:12-cv-04185-CAP |

## **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW Plaintiffs Chester Clark Tischer II and Jenny Lea Tischer ("Plaintiffs") and Defendants Bank of America, N.A.[1] ("BANA") and The Bank of New York Mellon ("BONY") (collectively "Defendants"), by and through the undersigned counsel and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and N.D. GA. L.R. 16.2, hereby serve this Joint Preliminary Report and Discovery Plan in the above matter and state as follows:

---

[1] Bank of America Corporation is improperly named as a party to this lawsuit. Bank of America Corporation is a holding company, not a bank, and does not originate or service loans. It is a separate entity from Bank of America, N.A. Defendants presume that Plaintiffs intended to name Bank of America, N.A. as the defendant to this lawsuit. Bank of America Corporation reserves the right to contest their inclusion in this lawsuit.

1. **Description of Case:**

    (a) **Describe briefly the nature of this action.**

    **Plaintiff's Portion:**

    Plaintiffs seek compensatory and punitive damages for fraud, injunctive relief to prevent the sale of their home in foreclosure, and attorney's fees pursuant to O.C.G.A. § 13-6-11.

    **Defendant's Portion:**

    Following this Court's February 19, 2019 Order (Doc. 14) granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 11), the only claims that remain pending are for fraud, injunctive relief related to a previously-scheduled foreclosure sale, and for Plaintiffs' attorney's fees pursuant to O.C.G.A. § 13-6-11. Defendants dispute that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

    (b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

    **Plaintiff's Portion:**

    Plaintiffs allege that they missed three monthly payments on their mortgage at the instruction of Defendants for the purpose of obtaining a mortgage loan modification, but that Defendants fraudulently induced Plaintiffs to miss these

payments for the purpose of wrongfully foreclosing on the home. Plaintiffs were current on their mortgage payments prior to the three missed payments, at which point Defendants refused to accept further payments. No foreclosure sale has yet occurred.

**Defendant's Portion:**

This case arises out of a mortgage loan (the "Loan") on residential property currently possessed by Plaintiffs and located at 4191 Longview Cove, Roswell, Georgia 30075 (the "Property"). After suffering financial hardship in late 2008 and early 2009, Plaintiffs contacted BANA regarding a loan modification. Following initial submission and review of financial information, Plaintiffs claim that they were told by BANA to be late on payments and ultimately to miss payments in order to qualify for a modification. Ultimately, Plaintiffs were denied a modification and received a notification of foreclosure. No foreclosure has occurred.

  **(c) The legal issues to be tried are as follows:**

(1) Whether Defendants committed fraud.

(2) Whether Plaintiffs are entitled to injunctive relief.

(3) Whether Plaintiffs are entitled to attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

(4) Whether Plaintiffs suffered any damage as a result of Defendants' alleged actions.

(5) Each Defendant's liability, if any, to Plaintiff.

 **(d) The cases listed below (include both style and action number) are:**

  **(1) Pending Related Cases:** None.

  **(2) Previously Adjudicated Related Cases:** None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check): None.**

  **(1) _____ Unusually large number of parties**

  **(2) _____ Unusually large number of claims or defenses**

  **(3) _____ Factual issues are exceptionally complex**

  **(4) _____ Greater than normal volume of evidence**

  **(5) _____ Extended discovery period is needed**

  **(6) _____ Problems locating or preserving evidence**

  **(7) _____ Pending parallel investigations or action by government**

  **(8) _____ Multiple use of experts**

  **(9) _____ Need for discovery outside United States boundaries**

  **(10) _____ Existence of highly technical issues and proof**

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs:**     W. Anthony Collins, Jr.
Matthew Herrington
Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, Georgia 30350


**Defendants:**     Andrew G. Phillips
Jarrod S. Mendel
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3434

4. **Jurisdiction**
   **Is there any question regarding this court's jurisdiction?**

   _____Yes   __X__No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   **(a)**     **The following persons are necessary parties who have not been joined:**

The Parties agree that "Bank of America Corporation d/b/a Bank of America N.A." has been improperly named as a party to this action. The Parties intend to file a joint motion to substitute "Bank of America, N.A." as the correct party designation.

**(b) The following persons are improperly joined as parties:**

The Parties agree that "Bank of America Corporation d/b/a Bank of America N.A." has been improperly named as a party to this action. The Parties intend to file a joint motion to substitute "Bank of America, N.A." as the correct party designation.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The Parties agree that "Bank of America Corporation d/b/a Bank of America N.A." has been improperly named as a party to this action. The Parties intend to file a joint motion to substitute "Bank of America, N.A." as the correct party designation.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary.**

The parties believe that Bank of America N.A. should be substituted for Bank of America Corporation.

**(b)** Amendments to the pleadings submitted **LATER THAN THIRTY (30) DAYS** after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

> The Parties request the ability to obtain the information contained within the initial disclosures during the normal course of discovery.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so,

**please state the issues which could be addressed and the position of each party.**

Not at this time.

10. **Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**
**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**
**Please state below the subjects on which discovery may be needed:**

**Plaintiff's position:**

Plaintiffs will require discovery on Defendants' records regarding communications with Defendants; Defendants' records of payments by Plaintiffs; acts previously committed by Defendants similar to those alleged by Plaintiffs; information concerning the policies and procedures of Defendants' loss mitigation and foreclosure departments; the identities of employees of Defendants who worked on or had decision-making authority regarding Plaintiffs' account; information regarding Defendants' practice of advising distress homeowners to miss mortgage payments in order to receive modifications or other financial relief; potential profits or monies to be realized by Defendants' upon foreclosure on

8

Plaintiffs' home; and any "loss-share" agreement implicated by foreclosure upon Plainitffs' home.

Defendants filed their Answer on March 10, 2014. Accordingly, the discovery period commenced on April 9, 2014.

This case was assigned to the general four month discovery track. The Parties anticipate that they may need additional time for discovery. If such additional time is needed, the parties will address that issue at the appropriate time

**<u>Defendant's position:</u>**

Defendants will require discovery on Plaintiffs' records and recollection regarding communications with Defendants; the factual basis for the allegations in the Complaint; and the factual basis for the damages Plaintiffs seek.

Defendants filed their Answer on March 10, 2014. Accordingly, the discovery period commenced on April 9, 2014.

This case was assigned to the general four month discovery track. The Parties anticipate that they may need additional time for discovery. If such additional time is needed, the parties will address that issue at the appropriate time.

**11.    Discovery Limitation**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

**12.    Other Orders**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.    Settlement Potential:**

The parties anticipate that settlement negotiations will occur in the course of discovery.

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 8, 2014, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiffs:  Lead counsel (signature):  /s/  W. Anthony Collins, Jr.
                                           **W. Anthony Collins, Jr.**


For defendants:  Lead counsel (signature):  /s/ Jarrod S. Mendel
                                            **Jarrod S. Mendel**


**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(____)    A possibility of settlement before discovery.**

(X___)   **A possibility of settlement after discovery.**

(____)   **A possibility of settlement, but conference with the judge is needed.**

(____)   **No possibility of settlement.**

**(c)    Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not scheduled to date.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

None.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.**

**(b)    The parties (____) do consent to having this case tried before a magistrate judge of this court.**

[*signatures appear on the following page*]

Respectfully submitted, this 15th day of May, 2013.

Smith and Collins, Attorneys LLC

By:/s/ W. Anthony Collins, Jr.
    W. Anthony Collins, Jr.
    Georgia Bar No. 141712
    8565 Dunwoody Place
    Suite B
    Atlanta, Georgia 30350
    404-806-7180 (Telephone)

*Attorney for Plaintiffs Chester Clark Tischer II and Jenny Lea Tischer*

McGuireWoods LLP

By:/s/ Jarrod S. Mendel
    Andrew G. Phillips
    Georgia Bar No. 575627
    Jarrod S. Mendel
    Georgia Bar No. 435188
    1230 Peachtree Street, N.E.
    Promenade II, Suite 2100
    Atlanta, Georgia 30309-3534
    404-443-5713 (Telephone)
    404-443-5773 (Facsimile)
    jmendel@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A. and The Bank of New York Mellon*

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified: _____

_____

_____

_____

IT IS SO ORDERED, this _____ day of May, 2014.

_____
The Honorable Charles A. Pannell, Jr.
United States District Court,
Northern District of Georgia, Atlanta Division